■ ALAN G. QUASHA, Appellant-Respondent, v AMERICAN NATURAL BEVERAGES CORP. et al., Respondents-Appellants.— Order, Supreme Court, New York County (Kristin Booth Glen, J.), entered April 10, 1987, which, *inter alia,* dismissed the fifth, sixth, and seventh causes of action of the amended complaint, is unanimously modified, on the law and on the facts, the fifth, sixth, and seventh causes of action are reinstated, and the order is otherwise affirmed, without costs.

By summons and complaint, served in June 1986, Mr. Alan G. Quasha (plaintiff) commenced an action against American Natural Beverages Corp. (ANBC), which is a New York corporation, Ms. Connie Best (Ms. Best), and Ms. Sophia Collier (Ms. Collier), who are both shareholders, officers and directors of ANBC, to rescind the sale of plaintiff's interest in ANBC for $1,000, or, in the alternative, for damages. This complaint contained four causes of action, which were for breach of fiduciary duty, rescission, common-law fraud, and fraud under the New York State Martin Act *(see,* General Business Law § 352-c).

Our examination of the complaint indicates it alleged, in substance, that, in 1978, defendants Ms. Best and Ms. Collier retained plaintiff, who is an attorney, admitted in New York State, to provide them with legal, business, and financial advice, concerning the creation of a business to market a line of "natural" beverages, and, in exchange for his services, plaintiff received a 20% interest in the business. Between

1978 and 1980, plaintiff incorporated ANBC in New York State, assisted ANBC in obtaining bank financing, helped prepare a business plan, introduced ANBC to potential joint venturers, and loaned ANBC money. During 1980 to 1984, plaintiff had little involvement in ANBC. Early in 1984, defendant Ms. Best contacted plaintiff, and solicited him to sell his interest in ANBC. Relying upon defendant Ms. Best's representations to him that ANBC was barely breaking even, and had no prospects for future success, plaintiff sold his 20% interest for $1,000. The representations of defendant Ms. Best that ANBC was doing poorly were false, since, when plaintiff sold his interest, the sales of ANBC were "far in excess of the sales described by Best to plaintiff". Plaintiff claimed that "Less than one year after plaintiff sold his interest in ANBC, defendants sold 20 per cent of ANBC to another investor for * * * $1,500,000".

Prior to serving an answer, the defendants moved to dismiss the complaint, upon the grounds, pursuant to CPLR 3211 (a) (7), it failed to state a cause of action, pursuant to CPLR 3016 (b), it failed to set forth the fraud allegations with sufficient detail, and, in the alternative, pursuant to CPLR 3211 (c), this motion should be treated as one for summary judgment, and summary judgment should be granted to defendants.

While defendants' motion was pending determination, plaintiff served an amended complaint. Our examination of it indicates that the first four causes of action are virtually identical to those contained in the four causes of action asserted in the original complaint, discussed *supra,* and, only the last three causes of action assert new claims. The fifth, sixth, and seventh causes of action allege the defendants fraudulently led the plaintiff to believe he held a 20% interest in ANBC, when he actually, unknown to him, only had a 12.6% interest. Based upon this alleged fraud and breach of fiduciary obligation by the defendants, the plaintiff seeks an accounting, and an order directing the defendants to issue a stock certificate to plaintiff for 20% of the current issued and outstanding shares of ANBC.

The IAS court considered the amended complaint in reaching its determination. In its order, the IAS court held the plaintiff sufficiently pleaded the facts necessary to make out the first four causes of action, but, it granted the defendants summary judgment as to the fifth, sixth, and seventh causes of action, and dismissed them, pursuant to CPLR 3211 (c).

Our review of the record indicates that, although defendants

sought, pursuant to CPLR 3211 (c), summary judgment treatment of the complaint, defendants never requested that such treatment be given to the fifth, sixth, and seventh causes of action in the amended complaint.

We have held in *Four Seasons Hotels v Vinnik* (127 AD2d 310, 320 [1st Dept 1987]) that before a court can apply summary judgment treatment to a complaint, pursuant to CPLR 3211 (c), it must give notice, and "Such notice * * * should fairly advise [the parties] as to the issues it deems dispositive of the action". Since examination of the record before us does not indicate that the IAS court gave the required notice, we therefore find that it abused its discretion in dismissing the fifth, sixth, and seventh causes of action of the amended complaint.

Accordingly, we modify the IAS order, and reinstate those three causes of action. Concur—Sandler, J. P., Ross, Asch, Kassal and Ellerin, JJ.